UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KELLEY BUICK OF ATLANTA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:05-CV-271-TS |
| ) | |
| TIG INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The Defendant, TIG Insurance Company (TIG), requests that the Court transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1404(a). The Plaintiff, Kelley Buick of Atlanta, Inc., (Kelley) opposes the Defendant's Motion to Transfer Venue.

**BACKGROUND**

On June 25, 2005, TIG filed its Complaint against Kelley in the Allen Superior Court, Allen County, Indiana, and it was subsequently removed to this Court. Kelley seeks a declaratory judgment that TIG has a duty to defend and indemnify it under the terms of an insurance contract. Kelley alleges that TIG wrongly denied insurance coverage of a claim pending in the Northern District of Georgia. The Georgia case arose out of a purchase of a 2001 Sierra and alleges that Kelly violated the Equal Credit Reporting Act and Fair Credit Reporting Act.

TIG contends that it acted appropriately under the contract when it denied coverage because Kelley did not provide TIG with timely notice of the Georgia lawsuit as required by the insurance contract.

**DISCUSSION**

Title 28 of the United States Code, § 1404(a), provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The movant bears the burden of showing that the transferee court is clearly more convenient. *K & F Mfg. Co. v. W. Litho Plate & Supply Co.*, 831 F. Supp. 661, 664 (N.D. Ind. 1993). A transfer should not be granted if it will merely shift convenience from one party to another. *Id*. Whether to transfer a case pursuant to § 1404(a) ultimately lies within the transferor court's discretion. *Id.*; *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986) ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge.").

TIG argues that transfer is appropriate because this case involves the resolution of an insurance contract dispute surrounding an insurance policy that was issued to an insured (Kelley) who is located in Georgia, the potential witnesses are located in Georgia, Georgia law will control the resolution of the dispute, and the underlying claim for which coverage is disputed involves conduct that took place in Georgia and is pending in the United States District Court for the Northern District of Georgia.

Kelley submits that this Court is, at the very least, as convenient a forum as any federal court in Georgia. Kelley contends that this is a dispute between an Indiana corporation and a California insurance company over the denial of coverage, which was communicated from an insurance company employee in Chicago, Illinois. Kelley also asserts that Indiana law, not Georgia law, controls enforcement of the insurance contract.

2

**A. Convenience of the Parties and Witnesses**

TIG argues that Georgia provides the more convenient forum for this litigation. Kelley disagrees and notes that if there is a "tie," the plaintiff's choice of forum prevails.

Dan Phelps, acting as an employee of Kelley Buick of Atlanta, provided notice to TIG of the Georgia lawsuit for which Kelley seeks coverage. Kelley retained counsel from Atlanta, Georgia, to defend the federal action. TIG argues that these are the parties who have direct knowledge of the federal action, Kelley's notice to TIG of the action, and the status of the action when notice was provided. Although the TIG agent who sent the denial letter to the Plaintiff did so out of Chicago, Illinois, TIG argues that the people in Georgia have more to do with the ultimate resolution of this dispute than the TIG agent in Chicago or the Plaintiff's corporate officers in Indiana.[1]

Kelley argues that connections to Georgia are not so overwhelming as to justify transferring the case there. It contends that it would be no more inconvenient for TIG to defend this suit in Indiana than in Georgia. For its part, Kelley contemplates that it will rely on witnesses from Insurance and Risk Management of Fort Wayne and Gary Thelen, whose activities in relation to the facts of this case were conducted in Fort Wayne, where the insurance contract was negotiated.

The plaintiff's chosen forum is generally granted substantial weight, but not when the plaintiff does not reside in the forum or the conduct and events giving rise to the action occur in a different forum. *See Barnes v. Rollins Dedicated Carriage Servs., Inc.* 976 F. Supp. 767, 768 (N.D. Ill. 1997) (placing little weight on the plaintiff's choice to litigate a matter in the northern district of Illinois considering the car accident at issue took place in the southern district of Illinois); *Von*

---

[1] The Defendant is a wholly owned subsidiary of Kelley Automotive Group, which is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. Gary Thelen is the vice-president, assistant secretary, assistant treasurer, and chief financial officer of Kelly Buick of Atlanta, Inc. and also holds these same positions with Kelly Automotive Group, Inc.

*Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995) (noting that the weight given to the plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim).

Here, the Plaintiff's principal place of business is not Indiana, but Georgia. Thus, the Plaintiff does not "reside" in its chosen forum. Neither did the events giving rise to the action occur in Indiana. The event underlying the Plaintiff's declaratory judgment action is TIG's decision to deny coverage. *See Evangelical Lutheran Church in Am. v. Atl. Mutual Ins.*, 973 F. Supp. 820, 823 (N.D. Ill. 1997) (noting that underlying event in declaratory judgment action against insurance company to defend and indemnify plaintiff was insurer's decision to deny coverage for underlying lawsuit). As the court in *Evangelical Lutheran Church* reasoned, the declaratory judgment action has nothing to do with the merits of the underlying action or the negotiation or purchase of the insurance policy. *Id.* The parties in this case do not dispute that they entered into a valid contract of insurance. The case is here because TIG denied coverage based on its interpretation of the notice provision of the contract. That decision was made by a TIG employee located in Chicago, not Indiana. Testimony from Insurance Risk Management employees and Gary Thelen regarding the negotiation of the contract in Fort Wayne would not be relevant to the Plaintiff's action in this Court. Because the events giving rise to this cause of action did not occur in Indiana, the Plaintiff's choice to initiate the action here is granted little weight and other factors become more important. *Id.*

One such factor is the availability of evidence. This factor is a wash. One of the documents at issue, the insurance contract, is available in either forum—it has already been attached to the Plaintiff's Complaint. However, other documents that may also be relevant include those pertaining to the Georgia action for which the Plaintiff seeks insurance coverage—not because the merits of

Georgia action are important, but because the status of the legal proceedings potentially impacts whether Kelley's notice of the underlying claim was timely and if TIG was prejudiced by the timing of the notice. However, the Defendant should have no difficulty procuring these documents from the Plaintiff, who is a party to the underlying action.

The Court also considers the convenience of witnesses in each forum. Although Kelley argues that it will rely on witnesses from Insurance and Risk Management of Fort Wayne and Thelen, the Court does not find that these witnesses are relevant to the denial of coverage issue. Thelen is only represented as having negotiated the contract on behalf of Kelley. The employee who actually provided notice of the claim and sought coverage was not acting out of Indiana, but was acting through Kelley Buick of Atlanta. Counsel for the Georgia action is also located in Atlanta. As discussed above, the TIG employee who denied the claim likewise has no connection with Indiana. This factor may be irrelevant if the issue in dispute is simply a matter of contract construction that does not require a trial. If a trial is warranted, this factor weighs in favor of transfer to Georgia, but does not, by itself, demonstrate that Georgia is clearly more convenient.

**B. Interests of Justice**

The "interests of justice" factors "relate to the efficient administration of justice." *Coffey v. Van Dorn Ironworks*, 796 F.2d 217, 221 (7th Cir. 1986). For example, in a diversity action it is considered advantageous to have a federal judge who is familiar with the applicable state law try the case. *Id.* (noting that the interests of justice include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case). The interests of justice "is a separate component of a § 1404(a) transfer analysis and may be

5

determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Id.* at 220 (citations omitted).

**1.** *Choice of Law Analysis*

TIG asserts that because Georgia law applies, it is more appropriate for a federal court in Georgia to apply that state's laws. Kelley asserts that the contract is silent on the choice of laws to apply in its interpretation and, weighing Indiana's choice of law factors, concludes that Indiana law controls.

> Absent an effective choice of law by the parties, the question is decided by the courts of the state in which the lawsuit is pending. Indiana's choice of law rule for contract actions calls for applying the law of the forum with the most intimate contacts to the facts. The following are representative of the factors to consider: (a) the place of contracting; (b) the place of contract negotiation; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties.

*Employers Ins. of Wausau v. Recticel Foam Corp.*, 716 N.E.2d 1015, 1024 (Ind. Ct. App. 1999 (applying the Restatement (Second) of Conflict of Laws) (citations omitted)).

The balance of the above factors as they apply to insurance contracts reveals that, on the basis of the record now before the Court, Georgia law governs this insurance contract dispute.

a. *The place of contracting*

"Standing alone, the place of contracting is a relatively insignificant contact." Restatement (Second) of Conflict of Laws § 188 cmt. e. (1971); *Travelers Indem. Co. v. Summit Corp. of Am.*, 715 N.E.2d 926, 932 (Ind. Ct. App. 1999). Here, the contract was delivered to a Kelley corporate officer in Fort Wayne, Indiana.

6

b. *The place of contract negotiation*

Kelley provides the affidavit of Gary Thelen in support of its position that the insurance contract was negotiated solely in Indiana. Thelen is vice-president, assistant secretary, assistant treasurer, and chief financial officer of Kelly Buick of Atlanta, Inc. as well as with Kelly Automotive Group, Inc. Thelen states that the Defendant is a wholly owned subsidiary of Kelley Automotive Group, which is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. Thelen explains that certain financial decisions of the Defendant, including the negotiation and purchase of insurance to cover its business operations, are made through Kelley Automotive's operations in Fort Wayne.

In September 2002, Thelen, acting as chief financial officer for the Defendant, as well as for Kelley Automotive Group and several other automobile dealerships located primarily in Indiana, met with insurance agents in Fort Wayne to negotiate coverage for the Defendant and the other automobile dealership operations. The insurance agents worked for Insurance and Risk Management Company, which maintains an office in Fort Wayne. The negotiations resulted in policies for several dealerships, including the policy for the Defendant that is at issue in this case.

c. *The place of performance and the location of the subject matter of the contract*

The place of performance and the location of the subject matter relate to the location where potential liability will arise in the context of insurance contracts. *Travelers Indem. Co.*, 715 N.E.2d at 932–33. The place of performance has been defined as the location where the insurance funds will be put to use. *Id.* The location of the subject matter of the contract, also known as the principal

location of the insured risk, is given greater weight than any other single contact in determining the state of the applicable law when that risk can be located principally in a single state. *Hartford Accident & Indem. Co v. Dana Corp.*, 690 N.E.2d 285, 293 (Ind. Ct. App. 1998) (citing Restatement (Second) of Conflict of Laws § 193 cmt. b (1971)). It is also accorded greater significance when the other Restatement factors do not point primarily to one forum. *Id.* at 294.

Kelley argues that the contract does not specify a place of performance. It asserts that, although the specific coverage declaration defines "dealership operations," it does not limit the jurisdiction where a claim, like the one currently pending in a district court in Georgia, might arise.

The insurance contract covers the operations of a dealership located in Atlanta, Georgia. As TIG notes, the insurance policy does not cover Kelley's corporate operations, but specifically covers the operations of one dealership located in Georgia. The policy specifies two garage locations for the dealership, both in Chamblee, Georgia.

A specific portion of the policy, entitled "Customer Complaint Endorsement" covers customer complaints that result in "legal proceedings" and this is the coverage that is at issue in this suit:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of defective goods or services arising out of your "garage operations" which are alleged in a "legal proceedings." We will have the right and duty to defend the "insured" against any "legal proceeding" seeking those damages. However, we will have no duty to defend the "insured" against any "legal proceeding" seeking damages to which this insurance does not apply.

(Pf.'s Resp., Ex. D at 1.) The insurance under this provision applies if the legal proceeding is filed in the "coverage territory," which the policy defines as the "United States of America." the "territories and possessions of the United States of America," "Puerto Rico," and "Canada." (Pf.'s Resp., Ex. D at 1, 3–4.) Kelly argues, in essence, that this provision broadens the place of

performance and the location of the subject matter. The Court does not agree.

While a proceeding could be filed anywhere in the United States, it would still relate to actions taken by the dealership or garage operations in Georgia, the principal location of the insured risk. That is where potential liability will arise, even if the customer files suit against the Defendant outside of Georgia. Moreover, in this particular case, the place of performance is known with certainty because the underlying "legal proceeding" has already been filed—in Atlanta, Georgia. This is not a case where the place of performance factor is assigned little weight because it is either uncertain or unknown. *See Reticel Foam*, 716 N.E.2d at 1024 (explaining that when not all coverage issues have been decided the place of performance factor will carry little weight).

d. *The domicile, residence, nationality, place of incorporation, and place of business of the parties*

"With respect to most issues, a corporation's principal place of business is a more important contact than its place of incorporation." *Reticel Foam*, 716 N.E.2d at 1025 (citing Restatement (Second) of Conflict of Laws § 188 cmt. e (1971)). Here, none of the parties are incorporated in Georgia. The Plaintiff is a car dealership that does business in Georgia. TIG is a California corporation with its principal place of business in Texas. It is also licensed to do business in Indiana and Georgia.

**2.** ***Other Factors Affecting Interests of Justice***

The Court is not aware of any other interest of justice factors that weigh in favor of Georgia or Indiana. The Court notes that in 2004, the median months from filing to disposition was the same in both the Northern District of Indiana and the Northern District of Georgia. *See*

9

http://jnet.ao.dcn/cgi-bin/cmsd2004 (visited Oct. 31, 2005). In addition, neither forum's community has a particularly strong interest in the litigation or its quick resolution.

**C. Balance of Factors Supports Transfer to Georgia**

Georgia law will govern the insurance contract in this case. Courts, however, are often called upon to decide substantive legal questions based upon another state's laws. Generally, contract law is not particularly complex. *Amoco Oil Co. v. Mobil Oil Corp.* 90 F. Supp.2d 958, 962 (N.D. Ill. 2000). Thus, this factor alone is not conclusive. The Court also considers that some of the conduct and events giving rise to the action occurred in Georgia, while none of these events took place in Indiana. Although the merits of the lawsuit in Georgia are not relevant to Kelley's declaratory judgment action in this Court, the actions of Kelley's employee in seeking coverage for that lawsuit are important. The proceedings of the underlying action may also be relevant to deciding the issue of the timeliness of the notice. By contrast, the place of negotiating the contract is of very little importance and the Plaintiff's connection, through Kelley Automotive Group, to Indiana is not relevant to this action.

The Defendant has met its burden of showing that the transfer meets the requirements of § 1404(a).

**CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Transfer Venue [DE 8] is GRANTED.

The case is to be transferred to the United Stated District Court for the Northern District of Georgia, Atlanta Division.

     SO ORDERED on November 29, 2005.

                                s/ Theresa L. Springmann
                                THERESA L. SPRINGMANN
                                UNITED STATES DISTRICT COURT